■ In the Matter of KEVIN APPEL, Petitioner, v RICHARD KOEHLER, as Correction Commissioner of the City of New York, et al., Respondents.—Proceeding pursuant to CPLR article 78 transferred to this court by order of the Supreme Court, New York County (Jawn A. Sandifer, J.), entered on or about October 6, 1988, to review a determination of the respondent, dated May 16, 1988, which found petitioner guilty of misconduct and imposed a penalty of 10 days' suspension without pay, unanimously dismissed and the determination confirmed, without costs.

The finding of the Commissioner was supported by substantial evidence in the record and must be confirmed. *(300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176.) There were only two witnesses at the hearing—the captain who asserted that petitioner was sleeping on duty, and the petitioner, who denied the charge. The administrative determination was entirely a question of weighing the credibility of the two witnesses.

Where the evidence is conflicting, the duty of weighing the evidence and determining credibility rests upon the administrative agency. The court may not weigh the evidence and reject the choice made by the administrative agency. *(Matter of Berenhaus v Ward,* 70 NY2d 436.) The sanction imposed was not so disproportionate to the offense as to be considered shocking to one's sense of fairness. *(Matter of Pell v Board of Educ.,* 34 NY2d 222.) Concur—Sullivan, J. P., Carro, Milonas, Ellerin and Wallach, JJ.